United States District Court
Southern District of Texas
FILED

DEC 2 1 2012

David J. Bradley, Clerk of Court

# In the United States District Court
## For the Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| LARRY CALLIES | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **Civil Action No. _____** |
| | § | |
| PATRICK R. DONAHOE | § | |
| POST MASTER GENERAL, | § | |
| UNITED STATES POSTAL SERVICE | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff alleges:

## COUNT I
## (Age Discrimination Claim)

### A. Parties

1.      Plaintiff is a citizen of the State of Texas.

2.      Defendant is Patrick R. Donahoe, Post Master General, United States Postal Service

(USPS).  Defendant may be served with process by serving defendant at 475 L'Enfant Plaza SW,

Washington, DC 20260-0010.

### B.  Jurisdiction and Venue

1.      This is a civil action against Defendant.

2.      Plaintiff's claim arises under the Age Discrimination in Employment Act of 1967 as

amended [codified at 29 U.S.C. § 621 et seq.].  Plaintiff invokes jurisdiction of this court

pursuant to 28 U.S.C. § 1337.

3.      Venue is properly laid within this District as the act complained of by Plaintiff were

committed or occurred within this District.

1

## C. Factual Background

1.    Larry Callies, plaintiff, was a city letter carrier at the Sugar Land Post Office for approximately 34 years.  During his work tenure plaintiff exercised certain rights guaranteed under the First Amendment to the U.S. constitution.

2.    Plaintiff associated with a union.  Plaintiff petitioned the EEOC for redress of grievances, and plaintiff exercised his right to free speech when he felt it necessary.

      All of these actions on the part of plaintiff resulted in plaintiff being treated differently from other employees.

3.    Based on plaintiff's EEO activity, he experienced various forms of retaliation from management.  Some of these acts range from overtime work to suspensions and will be addressed in detail later.  Usually once an employee files an EEO complaint, words get around, and most employees and also most if not all of management usually find out about EEO filings.  Management officials who were aware of complainant's/plaintiff's EEO filings took adverse action against him.

4.    Plaintiff was treated differently from other employees under same or similar circumstances.

5.    Plaintiff suffered from medical conditions of which management was aware.  Despite this knowledge, plaintiff was not provided reasonable accommodation.

6.    Plaintiff, a black male, was replaced by a younger employee.

7.    Plaintiff experienced discriminatory treatment under more than one supervisor or management official.

8.    All of the actions the various responsible officials took against plaintiff were calculated to terminate plaintiff.

9.    Plaintiff had filed several grievances within the last four (4) years of work.

10.    Although the conduct of defendant's supervisors and responsible officers maybe

explained as neutral, they serve to discriminate against plaintiff and are a pretext for

discriminatory and retaliatory conduct.

## D. Statement of the Claim

1.    Plaintiff was employed by Defendant from 1975 thru 2009, a total of 34 years.

2.    During the last year of plaintiff's employment with defendant, plaintiff held the position

of City Letter Carrier, a position for which plaintiff was qualified and the duties of which

plaintiff performed with distinction.

3.    On or about September 8, 2009, the defendant involuntarily terminated plaintiff's

employment, and subsequently, replaced plaintiff with a much **younger person**.

4.    Plaintiff did not immediately discover that he was replaced by a younger person.

5.    The conduct of the defendant in terminating the plaintiff's employment and replacing him

with a much younger person, was contrary to and in violation of the provisions of 29 U.S.C. §

623(a), inasmuch as the employment decision of defendant concerning plaintiff was based, in

whole or in part, on the plaintiff's age.

6.    The conduct of the defendant with respect to plaintiff constituted a willful violation of 29

U.S.C. § 623(a).

7.    As a direct and proximate result of the conduct of the defendant in terminating the

plaintiff's employment on or about September 8, 2009, the plaintiff has and will continue to lose

the benefits of plaintiff's employment with defendant, including, but not limited to, wages,

bonuses, insurance benefits and pension benefits.

Wherefore, plaintiff prays that this Court:

(i)    Award damages to the plaintiff for the income and benefits of which he has been deprived from September 8, 2009, to the date of the entry of judgment.

(ii)    Order the defendant to reinstate the plaintiff to plaintiff's rightful position, with retroactive restoration of the benefits of plaintiff's employment of which plaintiff has been wrongfully deprived.

(iii)    Award liquidated damages to the plaintiff on account of defendant's willful violations of 29 U.S.C. § 623(a), and 623(b).

(iv)    Order that the costs of maintaining this action, including reasonable attorney fees, be awarded to the plaintiff.

(v)    Order such other and further relief as this Court may deem just and proper.

## COUNT II
## (ERISA Claim)

1.    Plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 [codified at 29 U.S.C. § 1001 et seq.], and specifically 29 U.S.C. § 1140.  This Court has exclusive jurisdiction of this action by the virtue of the provisions of 29 U.S.C. § 1132(e).

2.    During the period of plaintiff's employment by defendant, defendant maintained a pension plan for the benefit of its employees, including plaintiff, which plan was and continues to be an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002 and which plan was known as "Employees' Pension Plan or referred to the "Civil Service Plan."

3.    If plaintiff had been allowed to continue plaintiff's employment, plaintiff would have been fully vested in the plan in the year 2016.

4.    Had plaintiff been allowed to continue with plaintiff's employment until his normal retirement date, or, if plaintiff elected, until age 65, plaintiff would have been entitled to

4

take a normal retirement under the plan and thereby would have been entitled to substantial benefits under the plan.

5.      On or about September 8, 2009, defendant involuntarily terminated plaintiff's employment.

6.      The action of defendant in discharging plaintiff was, in whole or in part, for the purpose of interfering with plaintiff's attainment of the rights to which plaintiff would have become fully vested in the plan and/or had plaintiff continued plaintiff's employment until plaintiff's normal retirement age and/or until age 65.

7.      The conduct of the defendant in involuntarily terminating plaintiff's employment was in violation of and contrary to the provision of 29 U.S.C. § 1140.

8.      As a direct and proximate result of the conduct of the defendant, the plaintiff has been deprived of plaintiff's employment and all the rights and benefits to be deprived therefrom and has been prevented from obtaining a fully vested right and a normal retirement benefit under the plan.

9.      Recourse by plaintiff to defendant's Employee Benefit Plan internal claims procedure would be futile, since plaintiff was discharged for the purpose, in whole or in part, of preventing plaintiff from becoming fully vested in the plan and/or from obtaining a normal retirement benefit under the plan.

Wherefore, the plaintiff prays that this Court:

(i)      Award plaintiff compensatory damages for the earnings and benefits lost by plaintiff from September 8, 2009, to the day of the entry of judgment.

5

(ii)     Order the defendant to reinstate the plaintiff in plaintiff's rightful position and

retroactively restore to the plaintiff all of the benefits of his employment, including the

Employee Benefit Plan.

(iii)    Award plaintiff costs and reasonable attorney fees.

(iv)     Award any other relief that this Court may deem just and proper.

### Count III
### (Disparate Treatment)

1.      Plaintiff is a former employee of defendant whose race is black or African

American in the sense in which race is used in 42 U.S.C. § 1981.

2.      Defendant has a progressive disciplinary policy which ranges from verbal

admonishments, to written warnings to a few days suspension.

3.      Defendant, in attempt to discipline plaintiff did not impose any minimum

disciplinary action against plaintiff although plaintiff had in excess of thirty (30) years service

with an almost perfect record.

4.      Defendant, in disciplining other employees imposed verbal warnings and written

warnings for first time offenses.

5.      Plaintiff was treated differently from other employees similarly situated.

6.      Plaintiff was a senior route carrier.  Certain assignments on the job as a matter of

policy should go to junior carriers first.  Nevertheless, management passed over junior carriers

on many occasions and assigned plaintiff to certain tasks.

7.      Plaintiff was treated differently from others on the job.

8.      Plaintiff believes that this treatment in part was in retaliation for EEO activity.

6

## Section 1981 Claim/Title VII Claim

1.      Plaintiff worked for defendant in Sugar Land, Texas as a city letter carrier until plaintiff was terminated on September 8, 2009.

2.      Before September 8, 2009, plaintiff had opposed employment practices that plaintiff reasonably believed to be discriminatory against him because of plaintiff's race by **filing discrimination charges and voicing plaintiff's concerns to defendant.**

3.      Defendant responded to plaintiff's actions, as alleged in this complaint, by scrutinizing plaintiff more closely than other comparable employees, ostracizing plaintiff, while attempting to construct a pretextual reason for firing plaintiff, verbally abusing and accosting plaintiff while attempting to provoke plaintiff enough to create a pretext for firing plaintiff, and by firing plaintiff, all because of plaintiff's race and to punish plaintiff for opposing defendant's unlawful employment practices.

4.      The actions complained of above were done deliberately and with forethought to punish and discriminate against plaintiff and were done with callous indifference to plaintiff's federally protected rights.

5.      The actions complained of above have caused plaintiff to loose wages, incur expenses, and to suffer mentally and physically from anger, humiliation, frustration, suspicion and fear.

6.      Plaintiff is a former employee of defendant who is black within the meaning of 42 U.S.C. § 1981.

7.      Plaintiff was diagnosed with a certain medical condition known as spasmodic dysphonia. This condition is aggravated by stress.

Defendant and its management employees were aware of plaintiff's health condition and the factors that would aggravate plaintiff's condition. Defendant's management employees willfully, knowingly or recklessly placed plaintiff in situations to worsen his condition.

8.      Plaintiff was forced to work in a hostile environment created by defendant.

Plaintiff felt constructively discharged for a considerable period of time. The work environment created by defendant caused an extreme amount of stress on plaintiff which aggravated his medical condition.

As a result of the working condition, plaintiff lost his voice. Plaintiff was unable to sing and lost potential career opportunities.

9.      On September 19, 2012, the United States Equal Employment Opportunity Commission issued plaintiff notices of right to sue based on charges which plaintiff filed against defendant alleging discrimination, retaliation, disparate treatment and denial of reasonable accommodation while plaintiff suffered from a medical condition or disability.

10.     All jurisdictional prerequisites to the institution of a suit under title VII have been fulfilled.

11.     Plaintiff realleges each and every allegation made above.

12.     The actions complained of were done because of plaintiff's race and because of plaintiff's opposition to employment practices plaintiff reasonably believed to be discriminatory.

13.     The actions complained of have caused plaintiff to lose wages, benefits, employment opportunities, and to incur expenses, including attorney fees.

14.     This Court has jurisdiction over Title VII and § 1981 claims under 28 U.S.C. § 1331. Venue under 28 U.S.C § 1391(b).

WHEREFORE, plaintiff prays that this court:

(i)     Declare that the actions of the defendant alleged in this complaint were discriminatory and retaliatory and order defendant to cease all actions.

(ii)    Order defendant to make plaintiff whole by awarding plaintiff all lost pay and benefits, removing derogatory material from plaintiff's personnel records and publishing in the workplace a notice of the unlawful motivations for the actions taken against plaintiff, and by reinstating plaintiff.

(iii)   Enter judgment for plaintiff in the amount of the compensatory damages awarded by the jury.

(iv)    Compensate plaintiff for past and future emotional distress.

(v)     Award plaintiff attorney fees and the costs and expenses of this action and related administrative proceedings.

(vi)    Grant such other relief as the court deems just.

Respectfully submitted,

Larry Callies
1015 Hamlink Road
Beasley, Texas 77417
Tel. (281) 787-3308
Pro Se

9